UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-cr-40019-JPG |
| KEVIN G. REAGAN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kevin G. Reagan's motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 56).  The Government has responded (Doc. 59), and the defendant has replied to that response (Docs. 62 & 63).  The Court held an evidentiary hearing on the motion on October 27, 2025.

Following the hearing, the Court found Reagan had established an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b)(1)(C), that is, a medical need for a gluten-free diet that the BOP was not providing and that, unaccommodated, posed a risk of serious deterioration in his health.  The Court further found that the § 3553(a) factors did not weigh against a release at that time, although the need to serve his full sentence (minus any credits to which he was entitled) to provide just punishment and promote respect for the law were still important goals that would not be met by release.  Serving his sentence, however, should not include conditions that make him ill when illness is avoidable.

The Court gave the BOP an opportunity to provide Reagan a true gluten-free diet unless and until it determines his health problems have some cause other than gluten.  It ordered the

BOP to file a status report within 45 days regarding the diet it was providing Reagan and gave Reagan an opportunity to respond. In the meantime, it reserved ruling on Reagan's motion for compassionate release.

The BOP's status report (Doc. 78) indicates it has ordered that Reagan be provided a gluten-free diet at FMC-Lexington, as suggested by the Court. The facility's dietician states that there should be no cross contamination with gluten if the food service department follows the menu and recipes. The status report attached the gluten-free menus at FMC-Lexington.

In response (Doc. 81), Reagan reports that a gluten-free diet has been ordered for him and that he is receiving a diet that is mostly gluten-free. He has not shown that the gluten-free portions of his mostly gluten-free diet contain inadequate nutrients to nourish him. He complains, however, that he is not receiving the menus attached to the BOP's status report and that he is being fed substances the BOP knows he is allergic to—corn and wheat.[1] He asks the Court to accept this as evidence the BOP cannot be trusted to give him an appropriate diet.

The Court is satisfied that the BOP is making a good faith effort to cure its failure to provide Reagan with his medically needed diet. The BOP has ordered a gluten-free diet for him, and barring any mistakes, it appears he is getting one. And the Court doubts whether any inevitable, accidental cross-contamination would deprive Reagan of an adequate diet. Thus, Reagan is no longer suffering from a medical condition that requires specialized medical care that is not being provided. That means there is no longer an extraordinary and compelling reason for his release.

Reagan may raise any further complaints about his diet—such as the inclusion of corn—

---

[1] The Court doubts that Reagan's gluten-free diet contains wheat. If it did, it would not be gluten-free since wheat is rich in gluten. *See* Celiac Disease Foundation, What is Gluten?, https://celiac.org/gluten-free-living/what-is-gluten/ (visited Jan. 7, 2026).

by filing an administrative remedy.  Should the BOP ever retreat from its efforts to give Reagan a gluten-free diet before determining another cause for his symptoms, Reagan may again ask the warden, and then the Court, for compassionate release.

Because there is no longer an extraordinary and compelling reason for Reagan's release, the Court **DENIES** Reagan's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), § 603(b)(1) of the First Step Act of 2018 (Doc. 56).

**IT IS SO ORDERED.**
**DATED:  January 8, 2026**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**